IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EVAN ROBINSON, | ) |
| Plaintiff, | ) |
| v. | ) |
| CITY OF CHICAGO, C.J. SMITH 18090, and C.W. ADAMS III, 12586, | ) **JURY TRIAL DEMANDED** |
| Defendants. | ) |

## COMPLAINT

NOW COMES Plaintiff, EVAN ROBINSON, by and through his attorney, Melinda Power, complaining of Defendants CITY OF CHICAGO and Officers C.J. Smith and C.W. Adams III to hold Defendants liable and accountable for the unlawful seizure, false arrest, and excessive use of force against Plaintiff while he was in the parking area of his home and their malicious prosecution of him. In support of his Complaint, Plaintiff Robinson alleges as follows:

## INTRODUCTION

Evan Robinson was at home on November 8, 2022. He received a call from his wife stating that as she was driving home, and entering her parking area, she noticed a car following her. Plaintiff came out, saw two men jump out of a car as his wife parked,.

Plaintiff came outside to the backyard area and saw that the two men had on masks and vests on. When Plaintiff tried to address the officers, they were very rude and disrespectful to him and approached him.

Defendant officers seized and used excessive force against Plaintiff. Then they falsely arrested him and charged him with felonies. As a result of their actions, Plaintiff was hurt and received medical attention. He was held in custody, had to post bond, hire an attorney and attend

court. Finally, the case was *nolle prossed* against him.

All Plaintiff was doing was trying to make sure that his wife was safe and that she made it into the house without problems. Instead, Defendant officers were rude and disrespectful to Plaintiff and to his wife. They seized him, used excessive force on him, falsely arrested and maliciously prosecuted him.

## PARTIES

A. Plaintiff Evan Robinson is an Illinois resident who lives in Chicago.

B. Police Officers Smith and Adams are Chicago police officers who committed the acts set forth below as agents of the City of Chicago and the conduct complained of in the course and scope of their employment and under color of law.

C. Defendant City of Chicago ("City" or "Chicago") is a municipal corporation duly incorporated under the laws of the State of Illinois and is the employer and principal of the Police Officers.

## JURISDICTION AND VENUE

1. Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a). Jurisdiction for Plaintiff's state claims is based on supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper under 28 U.S.C. § 1391(b). Plaintiff resides in this judicial district and Defendant City of Chicago is a municipal corporation located here. Additionally, the events giving rise to the claims asserted herein occurred within this judicial district.

## FACTS

3. On November 8, 2022, around 11:00 p.m., Plaintiff was at his home at 356 W. 91st

in Chicago, Illinois.

4. His wife, Deja Robinson, was returning home after having dropped off a friend.

5. Ms. Robinson noticed a car behind her that appeared to be following her.

6. Ms. Robinson called to alert Mr. Robinson, who came outside to see what was going on.

7. When Ms. Robinson pulled the car into the parking space behind their residence, the car continued to follow her.

8. Two men jumped out of the car that had been following Ms. Robinson.

9. Mr. Robinson, who was now outside, noticed that the men had ski masks and what appeared to be bullet proof vests.

10. When Plaintiff inquired what was going on, the two men, now known to be the Defendants, immediately asked Plaintiff what his name was.

11. The Defendants told Plaintiff: "This isn't your fucking business. Get back".

12. Plaintiff asked Defendants to turn on their body worn cameras.

13. Defendants again told him this isn't your fucking business and to get back.

14. Plaintiff asked them to call a supervisor due to their aggressive and unmerited behavior.

15. One of the Defendants then approached Plaintiff and grabbed him and used excessive force against him.

16. As a result of Defendants' actions, Plaintiff was physically injured and needed medical attention.

17. Defendants then falsely arrested and charged Plaintiff with felonies.

18. As a result of the false arrest Plaintiff was held in custody at the police station.

19. Further, Plaintiff was forced to post bail.

20. Plaintiff received medical attention.

21. Plaintiff was required to retain an attorney and attend court six times until the case was *nolle prossed*.

22. Plaintiff suffered physical and emotional pain, injury, suffering and distress as a result of the Police Officers' illegal seizure, arrest, excessive use of force and malicious prosecution of him.

## COUNT I
### 42 U.S.C. § 1983 - EXCESSIVE FORCE IN VIOLATION OF THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION

23. Each of the paragraphs in this Complaint is incorporated as if restated fully herein.

24. As described in the preceding paragraphs, the conduct of defendant Police Officers constituted excessive force in violation of the United States Constitution.

25. Plaintiff suffered injuries as the result of defendant Police Officers' excessive use of force.

26. The misconduct described in this Count was objectively unreasonable and undertaken with willfulness and/or reckless indifference to the rights of Plaintiff.

**WHEREFORE**, pursuant to 42 U.S.C. § 1983, Plaintiff demands compensatory damages, plus the costs of this action and attorney fees, from defendant Police Officers; in addition, Plaintiff demands punitive damages be awarded against the defendant Police Officers since they acted willfully, wantonly and/or in reckless disregard of Plaintiff's rights, and whatever additional relief this Honorable Court deems equitable and just.

## COUNT II
### 42 U.S.C. § 1983 - UNREASONABLE SEIZURE IN VIOLATION OF THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION

27. Each of the paragraphs in this Complaint is incorporated as if restated fully herein.

28. The actions and conduct of defendant Police Officers, as set forth above, in seizing

Plaintiff's person without probable cause or other lawful basis violated Plaintiff's Fourth Amendment right to be free from unreasonable seizure and defendant Police Officers should be held liable for doing so pursuant to 42 U.S.C. § 1983.

29. The actions and conduct of Defendants, as set forth above, were the direct and proximate cause of the violations of Plaintiff's Fourth Amendment rights and caused Plaintiff emotional distress, fear, anguish, humiliation, and loss of liberty as set forth more fully above.

**WHEREFORE**, pursuant to 42 U.S.C. § 1983, Plaintiff demands compensatory damages, plus the costs of this action and attorney fees, from defendant Police Officers; in addition, Plaintiff demands punitive damages against defendant Police Officers since they acted willfully, wantonly and/or in reckless disregard of Plaintiff's rights, and whatever additional relief this Honorable Court deems equitable and just.

## COUNT III
## FALSE ARREST

30. Each of the paragraphs in this Complaint is incorporated as if restated fully herein.

31. Defendant police officers violated Plaintiff's constitutional rights when they falsely arrested him and charged him with felonies. Defendant Police Officers should be held liable for doing so pursuant to 42 U.S.C. § 1983.

**WHEREFORE**, pursuant to 42 U.S.C. § 1983, Plaintiff demands compensatory damages, plus the costs of this action and attorney fees, from defendant Police Officers; in addition, Plaintiff demands punitive damages against defendant Police Officers since they acted willfully, wantonly and/or in reckless disregard of Plaintiff's rights, and whatever additional relief this Honorable Court deems equitable and just.

## COUNT IV
## STATE CLAIM FOR BATTERY

32. Each of the paragraphs in this Complaint is incorporated as if restated fully herein.

33. The acts of defendant Police Officers, agents, and employees of defendant City of Chicago, in grabbing and otherwise physically attacking and injuring Plaintiff were performed in a willful and wanton manner.

34. Defendants' actions caused unpermitted physical conduct of a harmful and/or offensive nature, to which Plaintiff did not consent, and thus constitute battery under the laws of the State of Illinois.

35. Defendant Police Officers' actions were the cause of the physical and emotional pain and injury suffered by Plaintiff.

**WHEREFORE**, Plaintiff demands actual or compensatory damages plus the costs of the action and attorneys' fees; in addition, Plaintiff demands punitive damages because Defendants acted willfully and wantonly in disregard of Plaintiff's rights and safety, and whatever additional relief the Court deems equitable and just.

## COUNT V
## STATE MALICIOUS PROSECUTION

36. Plaintiff realleges with the same force and effect as if fully set forth herein.

37. Defendant officers arrested Plaintiff without probable cause and then provided false statements and drafted false and incomplete reports against Plaintiff; they maliciously caused criminal charges to be brought against Plaintiff.

38. Defendants brought these charges for improper purposes, including covering up their false arrest of and use of excessive force against Plaintiff.

39. The criminal charge against Plaintiff was disposed of in a manner indicative of Plaintiff's innocence since the charges were *nolle prossed*.

40. Plaintiff sustained injuries as a result, including the loss of his liberty and interference with his employment.

WHEREFORE, Plaintiff demands actual or compensatory damages plus the costs of this action and attorneys' fees; in addition, he demands punitive damages because defendant Police Officers acted out of malice and/or and in reckless disregard of his rights and whatever additional relief the Court deems equitable and just.

### COUNT VI
### RESPONDEAT SUPERIOR

41. Each of the paragraphs in this Complaint is incorporated as if restated fully herein.

42. Defendant Police Officers who were involved in the seizure, battery, arrest and charging of Plaintiff, were acting in the scope of their employment and as agents of their employers, defendant City of Chicago.

43. Defendant City of Chicago is liable for the acts of its agents and employees and is therefore liable for battery and any other state law claims that arise out of the incident that is the subject of this Complaint.

WHEREFORE, Plaintiff demands judgment for any state law claims against defendant City of Chicago in the amount awarded to Plaintiff and/or against Police Officers as damages, attorneys' fees, costs, and interest and/or for any settlement entered into between Plaintiff and Defendants, and for whatever additional relief the Court deems equitable and just.

### COUNT VII
### CLAIM AGAINST DEFENDANT CITY OF CHICAGO
### PURSUANT TO 745 ILCS 10/9-102

44. Each of the paragraphs in this Complaint is incorporated as if restated fully herein.

45. Defendant City of Chicago was the employer of defendant Police Officers at all

times relevant to the complaint.

46. Defendant Police Officers committed the acts alleged above under color of law and in the scope of their employment as employee of the City of Chicago.

**WHEREFORE**, Plaintiff, pursuant to 745 ILCS 10/9-102, demands judgment against the City of Chicago in the amount awarded to Plaintiff and/or against defendant police officers as damages, attorneys' fees, costs, and interest and/or for any settlement entered into between Plaintiff and Defendants, and for whatever additional relief the Court deems equitable and just.

Plaintiff demands trial by jury on all claims.

Submitted by:

s/Melinda Power
Melinda Power
West Town Community Law Office
2502 W. Division, Chicago, Illinois 60622
T: 773/278-6706 F: 773/278-0635
Melindapower1@gmail.com