IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EVAN ROBINSON,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF CHICAGO, C.J. SMITH 18090, and C.W. ADAMS III,12586<br><br>Defendants. | Case No. 1:23-cv-03400<br><br>Judge Mary M. Rowland |

## MEMORANDUM OPINION AND ORDER

Plaintiff Evan Robinson brings this action under 42 U.S.C. § 1983 and Illinois law against the City of Chicago (the "City") and Chicago police officers Carl J. Smith and Craig W. Adams III (together, the "Defendant Officers" or "Officers"). The City and Defendant Officers (collectively, "Defendants") have moved to dismiss the false arrest (Count III) and malicious prosecution (Count V) claims pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated herein, Defendants' motion to dismiss [12] is granted in part and denied in part.

### BACKGROUND

The following factual allegations taken from the operative complaint [1] are accepted as true for the purposes of the motion to dismiss. *See Lax v. Mayorkas*, 20 F.4th 1178, 1181 (7th Cir. 2021).

In the evening hours of November 8, 2022, Plaintiff Robinson received a call from his wife, Deja Robinson. [1] ¶¶ 3, 6. Ms. Robinson was driving home after

1

dropping off a friend and noticed that a car appeared to be following her. *Id.* ¶¶ 4–5. Ms. Robinson alerted Robinson of the car, that continued to follow her to the parking space behind the Robinson's residence. *Id.* ¶¶ 6–7. Robinson came outside and observed two men jump out of the unknown car wearing ski masks and what appeared to be bulletproof vests. *Id.* ¶¶ 8–9. Robinson asked the two unknown men, later identified as the Defendant Officers, what was going on. *Id.* ¶ 10. The Officers responded to Robinson, "This isn't your fucking business. Get back." *Id.* ¶ 11. Robinson next asked the Officers to turn on their body worn cameras. *Id.* ¶ 12. The Officers responded to Robinson that it wasn't his "fucking business and to get back." *Id.* ¶ 13. Robinson asked the Officers to call their supervisor due to their aggressive and unwarranted behavior. *Id.* ¶ 14. One of the Officers then approached Robinson, grabbed him, and used excessive force. *Id.* ¶ 15. Afterwards, the Officers arrested Robinson, charged him with multiple felonies, and took him to the police station where he was held in custody. *Id.* ¶¶ 17–18. Robinson posted bail and received medical attention for his physical injuries. *Id.* ¶¶ 16, 19–20. Robinson attended six court appearances relating to the felony charges against him; the charges were ultimately *nolle prossed*. *Id.* ¶ 21.

On May 30, 2023, Robinson filed a seven-count complaint against Defendants, alleging excessive force against the Defendant Officers (Count I), unreasonable seizure against the Defendant Officers (Count II), false arrest against the Defendant Officers (Count III), battery against the Defendant Officers (Count IV), malicious prosecution against the Defendant Officers (Count V), a state law *respondeat superior*

2

claim against the City (Count VI), and a state law indemnification claim under 745 ILCS 10/9-102 against the City (Count VII). Defendants have moved to dismiss the false arrest (Count III) and malicious prosecution (Count IV) claims.

## STANDARD

"To survive a motion to dismiss under Rule 12(b)(6), the complaint must provide enough factual information to state a claim to relief that is plausible on its face and raise a right to relief above the speculative level." *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 333 (7th Cir. 2018) (quoting *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014)); *see also* Fed. R. Civ. P. 8(a)(2) (requiring a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief"). A court deciding a Rule 12(b)(6) motion "construe[s] the complaint in the light most favorable to the plaintiff, accept[s] all well-pleaded facts as true, and draw[s] all reasonable inferences in the plaintiff's favor." *Lax*, 20 F.4th at 1181. However, the court need not accept as true "statements of law or unsupported conclusory factual allegations." *Id.* (quoting *Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 586 (7th Cir. 2021)). Detailed factual allegations are not needed but the standard "require[s] 'more than mere labels and conclusions or a formulaic recitation of the elements of a cause of action to be considered adequate.'" *Sevugan v. Direct Energy Servs., LLC*, 931 F.3d 610, 614 (7th Cir. 2019) (quoting *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016)). Dismissal for failure to state a claim is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

ANALYSIS

**I.   Unreasonable Seizure (Count II) and False Arrest (Count III)**

Defendants argue that Robinson's false arrest claim (Count III) should be dismissed as duplicative of his unreasonable seizure claim (Count II). The Court agrees.

"Courts have authority to dismiss duplicative claims if they allege the same facts and the same injury." *Barrow v. Blouin*, 38 F. Supp. 3d 916, 920 (N.D. Ill. 2014) (citing *F.D.I.C. v. Saphir,* 2011 WL 3876918 at *9 (N.D. Ill. Sept. 1, 2011)). "Claims that involve the same operative facts and same injury, and that require proof of essentially the same elements, are duplicative as opposed to alternative." *Barrow*, 38 F. Supp. 3d at 920. "Federal Rule of Civil Procedure 8(d)(2) permits alternative pleading but requires the pleader to use a formulation from which it can be reasonably inferred that the pleader is indeed pleading in the alternative." *Id*; *see, e.g.*, *F.D.I.C. v. Giannoulias*, 918 F. Supp. 2d 768, 775 (N.D. Ill. 2013) ("The allegations of negligence in this Count III are pleaded in the alternative to the allegations of breach of fiduciary duty in Count II.").

Robinson's argument that the seizure and arrest were separate and distinct events is not supported by his allegations. The Court finds *Barrow* instructive. In *Barrow*, the plaintiff brought unlawful seizure and false arrest claims alleging that deputy sheriffs arrested him without probable cause, and he was injured because of the arrest. 38 F. Supp. 3d at 920. The *Barrow* court found the unlawful seizure claim duplicative because both claims resulted from that single arrest. *Id.* Here, Robinson

4

alleges that the Defendant Officers seized and arrested him without probable cause, which led to him being injured. [1] ¶¶ 15–17, 28, 31. Overall, the Court determines that the unreasonable seizure and false arrest claims are "based largely on the same operative facts and alleged injury and also seek the same relief." *Id*. The false arrest claim (Count III) is duplicative of the unreasonable seizure claim (Count II). One of the claims is to be dismissed. The Court will allow the Plaintiff to select the claim to dismiss. *See Barrow,* at 920 ("[A] Fourth Amendment false arrest claim, as opposed to a Fourth Amendment unreasonable seizure claim is the appropriate claim for [the plaintiff] to assert.").

## II. Malicious Prosecution (Count V)

Defendants next argue that Robinson's malicious prosecution claim (Count V) should be dismissed because he fails to allege sufficient facts to state a claim for relief. *Id*. at 4. To state a claim for malicious prosecution under Illinois law, a plaintiff must allege: "(1) the commencement or continuance of an original criminal or civil judicial proceeding by the defendant; (2) the termination of the proceeding in favor of the plaintiff; (3) the absence of probable cause for such proceeding; (4) the presence of malice; and (5) damages resulting to the plaintiff." *Beaman v. Freesmeyer*, 131 N.E.3d 488, 495 (Ill. 2019) (quoting *Swick v. Liautaud*, 662 N.E.2d 1238, 1242 (Ill. 1996)). "In order to fulfill the second element, a plaintiff cannot predicate his malicious prosecution action on underlying criminal proceedings which were terminated in a manner not indicative of the innocence of the accused." *Washington v. Summerville*, 127 F.3d 552, 557 (7th Cir. 1997) (quoting *Swick*, 662 N.E.2d at 1242). "A *nolle*

5

*prosequi* is not a final disposition of a case but is a procedure which restores the matter to the same state which existed before the Government initiated the prosecution." *Id.* (citing *Swick*, 662 N.E.2d at 1242).

Defendants contend that Robinson's allegation that the criminal charges against him were *noelle prossed* is insufficient to support the second element that the criminal proceeding was terminated in his favor. Defendants' reliance on *Barnes v. City of Centralia, Illinois*, 943 F.3d 826 (7th Cir. 2019) and *Swick* is misplaced because those decisions were at the summary judgment and post-trial stages, respectively. *See Barnes*, 943 F.3d at 834 (finding summary judgment was appropriate where "[plaintiff] has not submitted evidence as to why the prosecutor entered the *nolle prosequi* order"); *Swick*, 662 N.E.2d at 1243 (finding plaintiff failed to meet his burden where there was a "lack of evidence at trial regarding the reasons for the entry of the *nolle prosequi*"). Defendants also point to *Heidelberg v. Manias*, 503 F. Supp. 3d 758 (C.D. Ill. 2020), which is distinguishable because there it was clear that the termination of the criminal proceedings resulted from plaintiff's death, not a determination on the merits. *Heidelberg v. Manias*, 503 F.Supp.3d 758, 795 (C.D. Ill. 2020) ("[Plaintiff's] death prompted the State to file a motion to dismiss the[ir] appeal as moot.").[1]

---

[1] The Court is unpersuaded by *Daoud v. City of Chicago,* No. 21 C 6663, 2023 WL 5389015, at *5 (N.D. Ill. Aug. 22, 2023) (Alonso, J.), where the court did dismiss a malicious prosecution claim stating that "[e]ven at this stage, [plaintiff] must allege the circumstances surrounding the dismissal of his criminal proceedings to plausibly state a claim for malicious prosecution under Illinois state law." *Daoud* is distinguishable because it involved a ticket for operating an ice cream truck without a permit, where here there are allegations of an arrest, felony charges, and court appearances coupled with false police reports.

6

Here, Robinson alleges the Defendants Officers arrested him without probable cause, provided false statements, drafted false and incomplete reports, brought the charges to cover up the false arrest and use of excessive force, and the charges were *noelle prossed*. [1] ¶ 37. At this stage, where the court must draw all reasonable inferences in Robinson's favor, the court finds that Robinson has plausibly alleged his malicious prosecution claim. Defendants' argument regarding the *nolle prosequi* order is a question for summary judgment or trial, not a motion to dismiss. See *Swick*, 662 N.E.2d 1243 (remanding for new trial on malicious prosecution claim and stating plaintiff must adduce evidence to meet his burden of proof that the prior proceedings were terminated under circumstances indicative of plaintiff's innocence); *Lund v. City of Rockford, Illinois*, 956 F.3d 938, 949 (7th Cir. 2020) (granting summary judgment where plaintiff failed to provide any evidence regarding the bare *nolle prosequi* order other than "case dismissed on motion of state's attorney"). Accordingly, the malicious prosecution claim (Count V) survives dismissal.

## CONCLUSION

For the stated reasons, Defendants' motion to dismiss [12] is granted in part and denied in part. Count V may procced along with Counts I and IV, and VI–VII. The Court finds that Counts II and III are duplicative. Defendants moved to dismiss Count III (false arrest), but the Plaintiff is the master of his complaint. Plaintiff may select whether to proceed on a false arrest (Count III) or unreasonable seizure (Count II) claim. Plaintiff is to file an amended complaint no later than July 16, 2024. Defendants' responsive pleading is due by August 6, 2024.

E N T E R:

Dated: June 25, 2024

_____
MARY M. ROWLAND
United States District Judge

8